STATE OF LOUISIANA      *      NO. 2020-KA-0389

VERSUS      *

DARNELL BRAUD      *      COURT OF APPEAL

     FOURTH CIRCUIT

     *      STATE OF LOUISIANA

\* \* \* \* \* \* \*

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 544-656, SECTION "L"
Honorable Franz Zibilich, Judge
\* \* \* \* \* \*
**Judge Roland L. Belsome**
\* \* \* \* \* \*
(Court composed of Judge Roland L. Belsome, Judge Paula A. Brown, Judge Dale N. Atkins)

Irena Zajickova
Donna Andrieu
Assistant District Attorney
Leon Cannizzaro
District Attorney
ORLEANS PARISH
619 S. White Street
New Orleans, LA 70119

     COUNSEL FOR STATE OF LOUISIANA/APPELLEE

Mary Constance Hanes
LOUISIANA APPELLATE PROJECT
P. O. Box 4015
New Orleans, LA 70178-4015

     COUNSEL FOR DEFENDANT/APPELLANT

         **JUDGMENT VACATED AND REMANDED**
         **NOVEMBER 18, 2020**

RLB

PAB

DNA

Defendant, Darnell Braud, appeals his three non-unanimous jury convictions for manslaughter, obstruction of justice, and illegal possession of a firearm by a convicted felon.  In accordance with *Ramos v. Louisiana*, -- U.S. ---, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020)[1] and the Louisiana Supreme Court's directive,[2] we vacate Defendant's convictions and sentences and remand this case to the trial court.

**PROCEDURAL BACKGROUND**[3]

Defendant was charged with three offenses by grand jury indictment: 1) first-degree murder, 2) obstruction of justice in a first-degree murder investigation, and 3) illegal possession of a firearm by a convicted felon.  At arraignment, Defendant entered a plea of not guilty to the charges.

---

[1] In *Ramos*, *supra*, the United States Supreme Court held that non-unanimous jury verdicts in state felony trials are unconstitutional.

[2] Following *Ramos*, the Louisiana Supreme Court in *State v. Varnado*, 20-0356, p. 1 (La. 6/3/20), 296 So.3d 1051, held that even if a defendant's non-unanimous jury verdict claim was not properly preserved for review at the time *Ramos* was decided, the reviewing court should nonetheless include it in its error patent review. *See also* La. C.Cr.P. art. 920(2).

[3] The factual background of this case is not pertinent to the determinative issue in this appeal.

1

Before trial, Defendant filed a motion to declare La. C.Cr.P. art. 782 unconstitutional and a request for jury instructions requiring a unanimous verdict, which were denied by the trial court. After a four-day trial, the jury found Defendant guilty of a lesser verdict of manslaughter as to the charge of first-degree murder, and guilty as charged of obstruction of justice and illegal possession of a firearm by a convicted felon. The record reflects that the jury reached a 10-2 verdict on each charge. Defendant's motion for a mistrial on the non-unanimous verdict issue was denied.

At sentencing, the trial court sentenced Defendant to serve forty years for the manslaughter and obstruction of justice convictions, and twenty years for the illegal possession of a firearm by a convicted felon conviction.[4] Subsequently, the trial court found Defendant to be a second felony offender. As a result, the trial court vacated Defendant's previous sentence as to the manslaughter conviction and re-sentenced him to serve seventy-five years, without benefits, to run consecutively with the forty-year sentence for obstruction of justice. This appeal followed.[5]

**DISCUSSION**

In his sole assignment of error, Defendant argues that the lack of a unanimous jury verdict violates his constitutional due process rights under the Sixth and Fourteenth Amendments to the United States Constitution. At the time of the commission of the instant offenses, in November of 2017, Louisiana law

---

[4] The trial court ordered the sentences for manslaughter and obstruction of justice to run consecutively. All of the sentences were imposed without the benefit of parole, probation or suspension of sentence.
[5] Defendant was granted leave to file a pro se brief in this matter. As of the date of this opinion, Defendant has not filed a pro se brief.

allowed for non-unanimous jury verdicts in felony trials. La. C.Cr.P. art. 782(A) provided, in pertinent part, that "[c]ases in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict." Act No. 493 of the 2018 Louisiana Regular Legislative Session amended La. C.Cr.P. art. 782 to require a unanimous jury verdict only in cases for an offense committed after January 1, 2019. Thus, for offenses committed before January 1, 2019, only a 10-2 jury verdict was necessary. In addition, at that time, the controlling Louisiana jurisprudence consistently upheld the constitutionality of non-unanimous jury verdicts for cases tried before a twelve-person jury. *See State v. Bertrand*, 08-2215, p. 6 (La. 3/17/09), 6 So.3d 738, 742 (upholding the constitutionality of La. C.Cr.P. art. 782).

While Defendant's appeal was pending review in this Court, on April 20, 2020, the United States Supreme Court rendered its decision in *Ramos v. Louisiana*, announcing a new constitutional rule: the Sixth Amendment right to a jury trial- as incorporated against the States through the Fourteenth Amendment- requires a unanimous jury verdict to convict a defendant of a serious offense. Thus, the United States Supreme Court ruled definitively that non-unanimous jury verdicts in state felony trials are unconstitutional. In addition, *Ramos* invalidates the non-unanimous convictions of defendants who preserved the issue for review in cases still on direct review. *Ramos*, -- U.S. --, 140 S.Ct. at 1406-08; *see also*, *Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987)

3

("a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final").[6]

In the instant case, Defendant preserved the non-unanimous jury verdict issue, having raised it in his motion for a mistrial. Since the present matter was pending on direct review when *Ramos* was decided, the holding of *Ramos* applies. Accordingly, Defendant's three convictions and correlating sentences must be vacated.[7]

## CONCLUSION

For these reasons, we hereby vacate Defendant's convictions and sentences, and remand this matter to the trial court.

**JUDGMENT VACATED AND REMANDED**

---

[6] We also note that, even if a defendant fails to raise the issue of the non-unanimity of the jury verdict, the Louisiana Supreme Court has issued numerous per curiam opinions directing the appellate courts to consider this issue as part of our error patent review, stating as follows:

> The matter is remanded to the court of appeal for further proceedings and to conduct a new error patent review in light of Louisiana, *Ramos v. Louisiana* -- U.S.--, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020). If the non-unanimous jury claim was not preserved for review in the trial court or was abandoned during any stage of the proceedings, the court of appeal should nonetheless consider the issue as part of its error patent review. See La. C.Cr.P. art. 920(2).

> The present matter was pending on direct review when Ramos v. Louisiana was decided, and therefore the holding of Ramos applies. *See Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987).

*State v. Monroe*, 20-00335 (La. 6/3/20), 296 So.3d 1062. See *also State v. Taylor*, 18-1039, pp. 2-3 (La. App. 4 Cir. 6/17/20), 302 So.3d 145, 146.

[7] This includes the multiple offender sentence.

4